C. WARREN ET AL. *v.* J. H. BENTON'S TRUSTEES ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—332.]

**Trustee's Duty to Protect Property.**

Where trustees purchase real estate for $1,494, pay $1,200 of said price and have in their hands a sum sufficient to discharge the re-mainder, but fail to pay it, and suffer themselves to be sued and

the whole of the land sold to pay it, and thereby negligently sacrifice the $1,200 which they had invested, they are liable for such loss.

**Sureties of Executors.**

Where executors are named by a will and by the same will the same persons so named are also named as trustees of one of the legatees, and give bond as executors but give no bond as trustees, the sureties on such executors' bond are not liable for their defalcation or negligence as trustees.

### APPEAL FROM BOURBON CIRCUIT COURT.

October 20, 1881.

OPINION BY JUDGE HARGIS:

Horace Benton died in 1866, leaving a will by which he devised his estate equally to his daughter and two sons, but directed that the share of his son, John H. Benton, should be held by trustees for the use and benefit of himself and family during his life, with remainder to his children.

The testator nominated his son, Charles Benton, and his son-in-law, Wm. J. Steele, as executors, and appointed them trustees for his son, John H. Benton. They qualified and executed separate bonds in the usual form as executors. After making two partial settlements they and their sureties were sued by John H. Benton and his children for an alleged balance due them from his father's estate.

It appears that on the 20th of March, 1867, the executors, in their capacity as trustees under the will, bought a tract of land from William Ragan for the use and benefit of their cestui que trusts, and executed to him their joint note for the sum of $1,494, the price thereof. They paid $1,200 on the note March 1, 1868, and had in their hands, not definitely ascertained, however, by settlement, a sum more than sufficient to discharge the remainder of the note. But they failed to pay it, suffered themselves to be sued for the remainder, and the whole of the land sold to pay it, thereby negligently and inexcusably sacrificing the $1,200 which they had invested for John H. Benton and his children in pursuance of the power conferred in the will to invest his share.

The trustees have become insolvent, and their sureties on the executive bonds named were adjudged to be liable for the loss

of the $1,200, and the balance of $481.80 found in the executors' hands by the confirmed report of the master commissioner.

It was held in *Warfield v. Brand's Admr.,* 13 Bush (Ky.) 77, that the liability of the surety is always to be measured by his covenant, and as the bond of an executor, drawn and executed in the usual form, does not embrace his duties as trustee, although constituted such by the same will, the surety cannot be made liable for any dereliction of duty as trustee by the nominated executors. The covenants of the bond executed by appellants as sureties for Steele embraced his executional duties alone, and made no reference whatever to his capacity or duties as trustee. Under the authority of the case cited, which refers to numerous adjudications in its support which we deem conclusive of the question, we are constrained to hold that the appellants are not bound for any part of the $1,200 paid to Ragan, but the judgment against them for the $481.80 is correct, because no settlement had been made, before the institution of the action, by which the remainder of John H. Benton's share was ascertained or could be identified.

The settlement of the estate was an executional duty, to be performed within two years, or at most within a reasonable time, if the circumstances of the estate required an extension beyond that period, and as the executors have failed to do this and render the estate capable of distribution, they and their sureties are responsible for the estate unascertained and remaining unsettled in their hands.

Wherefore the judgment is *reversed* and cause remanded with directions to render judgment in conformity to this opinion.

*A. Duvall, for appellants.*

*G. C. Lockhart, N. P. Reid, for appellees.*